UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON, Sr., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-442-JD-JEM |
| CALEB HATCH, et al., | |
| Defendants. | |

OPINION AND ORDER

Sy-Bron L. Pinkston, Sr., a prisoner without a lawyer, filed a complaint against "Caleb Hatch of WOWO Fort Wayne, Indiana 92.3 FM and or 1190 AM radio" and "Google WOWO 92.3 FM and 1190 AM radio." ECF 1. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pinkston is suing because Google allegedly allowed WOWO radio host or representative Caleb Hatch to post slanderous and defamatory articles about him. He believes he was found guilty of criminal charges due to the allegedly slanderous and defamatory articles. But, it is too soon to consider whether Pinkston's allegations state a claim, because it is unclear whether this case is properly in federal court.

Federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Pinkston and each of the defendants. *See* 28 U.S.C. § 1332.

Pinkston lists "Caleb Hatch of WOWO Fort Wayne, Indiana 92.3 FM and or 1190 AM radio" with an address in Fort Wayne, Indiana. He lists "Google WOWO 92.3 FM and 1190 AM radio" with an address in Mountain View, California. However, he does not allege either his citizenship or the citizenship of the defendants. For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curiam). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan*, 87 F.3d 214, 216 (7th Cir. 1996). However, when determining a prisoner's citizenship, "since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's intent to remain

2

there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Courts have created a presumption favoring an individual's old, established domicile over a newly-acquired one." *Ziskind v. Fox*, No. 10 C 4102, 2010 WL 3516117, at *3 (N.D. Ill. Sept. 1, 2010).

Corporations are deemed to be citizens of any state by which it has been incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1). As the proponent of federal jurisdiction, Pinkston bears the burden to prove the facts underlying the basis for federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006). The court cannot determine either Pinkston's citizenship or the citizenship of the defendants based on the complaint.

For these reasons, the court:

(1) ORDERS Sy-Bron L. Pinkston, Sr., to file supplemental briefing with any additional documentary evidence on subject matter jurisdiction as outlined in this order by **March 28, 2025**; and

(2) CAUTIONS Sy-Bron L. Pinkston, Sr., that, if he does not respond by the deadline, this case will be dismissed without further notice for lack of subject matter jurisdiction.

SO ORDERED on February 27, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT

3