UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| SY-BRON L. PINKSTON, Sr., | |
| Plaintiff, | |
| v. | CAUSE NO. 1:24-CV-442-JD-JEM |
| CALEB HATCH, et al., | |
| Defendants. | |

OPINION AND ORDER

Sy-Bron L. Pinkston, Sr., a prisoner without a lawyer, filed a complaint against "Caleb Hatch of WOWO Fort Wayne, Indiana 92.3 FM and or 1190 AM radio" and "Google WOWO 92.3 FM and 1190 AM radio." ECF 1. Because the complaint did not include the citizenship of the parties and it was unclear whether this court had subject matter jurisdiction, Pinkston was ordered to provide additional information. ECF 11. Pinkston has now provided that information. ECF 16.

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Pinkston is suing Google and Caleb Hatch. He alleges that Google allowed WODO radio host or representative Caleb Hatch to post slanderous and defamatory articles about him. He believes he was found guilty of criminal charges due to the allegedly slanderous and defamatory articles.

As previously explained (ECF 11), federal courts are courts of limited jurisdiction. *Hart v. FedEx Ground Package System Inc.*, 457 F.3d 675, 679 (7th Cir. 2006). For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Pinkston and each of the defendants. *See* 28 U.S.C. § 1332.

For individuals, "state citizenship is determined by one's domicile." *Dausch v. Rykse*, 9 F.3d 1244, 1245 (7th Cir. 1993) (per curiam). Domicile requires physical presence in a state with the intent to remain there. *See Denlinger v. Brennan,* 87 F.3d 214, 216 (7th Cir. 1996). However, when determining a prisoner's citizenship, "since domicile is a voluntary status, a forcible change in a person's state of residence does not alter his domicile; hence the domicile of the prisoner before he was imprisoned is presumed to remain his domicile while he is in prison." *Sullivan v. Freeman*, 944 F.2d 334, 337 (7th Cir. 1991). "Citizenship depends not on residence but on domicile, which means the place where a person intends to live in the long run. It is possible to reside in one state while planning to return to a long-term residence in another state." *RTP LLC v. ORIX Real Estate Capital, Inc.*, 827 F.3d 689, 692 (7th Cir. 2016). "[D]omicile is established by physical presence in a place in connection with a certain state of mind concerning one's

2

intent to remain there." *Miss. Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). "Courts have created a presumption favoring an individual's old, established domicile over a newly-acquired one." *Ziskind v. Fox*, No. 10 C 4102, 2010 WL 3516117, at *3 (N.D. Ill. Sept. 1, 2010).

Corporations are deemed to be citizens of any state by which it has been incorporated and of the state where it has its principal place of business.  28 U.S.C. § 1332(c)(1). As the proponent of federal jurisdiction, Pinkston bears the burden to prove the facts underlying the basis for federal jurisdiction. *Meridian Sec. Ins. Co. v. Sadowski*, 441 F.3d 536, 540 (7th Cir. 2006).

Pinkston lists "Caleb Hatch of WOWO Fort Wayne, Indiana 92.3 FM and or 1190 AM radio" with an address in Fort Wayne, Indiana. In his supplemental brief, Pinkston indicates that WOWO radio resides in Indiana. He lists "Google WOWO 92.3 FM and 1190 AM radio" with an address in Mountain View, California. In his supplement, he indicates that Google's headquarter is in California. Pinkston further indicates that his domicile (and therefore citizenship) is in Indiana. However, Pinkston does not allege the citizenship of Caleb Hatch or WOWO radio.

To proceed on his state law claims in federal court, Pinkston has the burden of demonstrating complete diversity of citizenship. Pinkston has now confirmed that he is a citizen of Indiana. He has not demonstrated that either Caleb Hatch or WOWO radio are citizens of another state. In fact, the only information Pinkston has presented suggests that they are citizens of Indiana. He has not alleged that they have ties to any state other than Indiana. Pinkston has not sustained his burden of demonstrating that

there is complete diversity of citizenship between himself and each of the defendants. *See* 28 U.S.C. § 1332. Therefore, Pinkston has not demonstrated that this court has subject matter jurisdiction over the claims in his complaint, and this case must therefore be dismissed.

For these reasons, this case is DISMISSED WITHOUT PREJUDICE for lack of subject matter jurisdiction.

SO ORDERED on June 25, 2025

/s/JON E. DEGUILIO
JUDGE
UNITED STATES DISTRICT COURT